

U.S. Department of Justice

*Bruce D. Brandler*
*United States Attorney*
*Middle District of Pennsylvania*

Website: www.justice.gov/usao/pam/
Email: usapam.contact@usdoj.gov

| | | |
|---|---|---|
| *William J. Nealon Federal Building* | *Ronald Reagan Federal Building* | *Herman T. Schneebeli Federal Building* |
| *235 N. Washington Avenue, Suite 311* | *228 Walnut Street, Suite 220* | *240 West Third Street, Suite 316* |
| *P.O. Box 309* | *P.O. Box 11754* | *Williamsport, PA  17701-6465* |
| *Scranton, PA  18503-0309* | *Harrisburg, PA  17108-1754* | *(570) 326-1935* |
| *(570) 348-2800* | *(717) 221-4482* | *FAX (570) 326-7916* |
| *FAX (570) 348-2037/348-2830* | *FAX (717) 221-4493/221-2246* | |

October 28, 2016

The Honorable Malachy Mannion
United States District Judge
Middle District of Pennsylvania
William J. Nealon Federal Building
Scranton, Pennsylvania 18503

    Re:  *United States v. Reuben Blajos*, No. 15-CR-198

Dear Judge Mannion:

    I write concerning the sentencing hearing scheduled for defendant Reuben Blajos on November 1, 2016.  Please accept this letter in lieu of a formal sentencing memorandum.  As set forth in the addendum to the defendant's Presentence Report ("PSR"), neither the government, nor the defendant has any objection to the PSR.  (Doc. No. 71.)  Accordingly, I write only to convey the government's position on the defendant's anticipated sentence of imprisonment.

    The government opposes the defendant's request for a sentence of imprisonment that: (1) varies below his advisory guidelines range; and (2) runs concurrent to his undischarged term of imprisonment for a prior federal offense.  Contrary to the defendant's characterization, he did not engage in a mere "altercation" with a fellow inmate.  *See* Def. Br. at 3.  Rather, Blajos and his co-defendant orchestrated a coordinated ambush that resulted in serious brain injury to a fellow federal inmate.

The Honorable Malachy Mannion
October 28, 2016

    Namely, the co-defendants created improvised flails by affixing padlocks to socks.  PSR ¶ 6.  As can be seen in video footage capturing the attack, they approached their victim simultaneously from different directions, struck him repeatedly with their weapons, and kicked him while he lay on the ground in a defensive posture.  *See* Attachment 3.[1]  The assault, startling in its duration, ceased only when the victim was able to flee the area.  There is no dispute that the victim suffered serious brain injuries.  *See* Attachments 1 and 2; PSR ¶ 6; Plea Agreement, Doc. No. 52 at ¶ 11(b) (stipulating to severity of injury); Def. Br. at 4.

    Despite the violence of his actions, the defendant has offered little beyond baseless speculation in support of his request for leniency.  Among other things, the defendant claims, *see* Def. Br. at 4, that:

1. Corrections officers, not the defendant, are somehow responsible for the severity of the victim's injuries, because they "failed to promptly intercede and disrupt the altercation";

2. The victim was not assaulted by the defendants because he, as he explained, allowed a white inmate to sit in his chair, but because he "likely . . . provoked the incident by assaulting or threatening to assault other inmates"; and

3. Corrections officers failed to intercede promptly because of the victim's "reputation for violence and history of threatening and assaulting other inmates and staff";

    Each of those allegations shares a single, telling attribute: the total absence of any support in the PSR or in the record.  Unfortunately, the defendant has chosen to rely, repeatedly, on the ageless but empty tact of blaming the victim for the crime.  *See, e.g.*, Def. Br. at 8-9 ("The victim . . . provoked or may have provoked the incident . . . . the victim . . . is no angel and [] his conduct probably contributed to provoking the

---

[1] In consideration of their nature, a copy of all attachments will be provided to the Court in advance of the defendant's sentencing, instead of being filed on the docket.

The Honorable Malachy Mannion
October 28, 2016

offense behavior."). But no words, if any, that may have been uttered by the victim can excuse the defendant's brutality.

Indeed, the defendant's unsubstantiated allusions should perform the opposite service of justifying a variance pursuant to 18 U.S.C. § 3553(a), or a concurrent sentence pursuant to 18 U.S.C. § 3584. Instead of showing contriteness or regret for his actions—not a word of his sentencing brief is devoted to these ends—the defendant, who to this day has refused to acknowledge his own co-defendant's involvement, devotes his efforts to sullying his victim and the corrections officers.

Such flailing reeks of a man desperate to avoid additional incarceration at any cost. And the defendant has good reason, given his extensive criminal history. With over a dozen convictions in a near-unbroken line stretching back to his teenaged years, the defendant appears to have spent his adult life, when not incarcerated, as a narcotics trafficking gang member. PSR at ¶¶ 23-35. His troubling absence of regret and attempt to blame others calls into question whether the defendant has truly accepted responsibility for his violence.

Accordingly, the government respectfully suggests that a sentence of imprisonment within the range of 70 to 87 months, *see* PSR at ¶ 57, to run consecutive to the defendant's current term of imprisonment, would be appropriate under these circumstances.

                                      Respectfully submitted,

                                      BRUCE D. BRANDLER
                                      United States Attorney

                                      /s/ Phillip J. Caraballo
                                      _____
                                      PHILLIP J. CARABALLO
                                      Assistant United States Attorney

PJC:dg
Encls.